UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. ESCOBAR,<br><br>　　　　Defendant. | 1:16-cv-01770-EPG (PC)<br><br>ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS AND REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL<br>(ECF NO. 12) |

**I.　BACKGROUND**

Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 22, 2016.  (ECF No. 1).  On December 23, 2016, Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 10), which the Court granted (ECF No. 12).

On December 7, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 7), and no other parties have made an appearance.  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

\\\

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## III. ANALYSIS

Plaintiff initiated this action on November 22, 2016. Before filing this case Plaintiff had four prior cases dismissed for failure to state a claim.[1] Thus, Plaintiff had three or more cases that constituted strikes under the "three-strike" rule in 28 U.S.C. § 1915(g) before filing the present case. Therefore, Plaintiff is subject to the "three-strike" rule in 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury.

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger"

---

[1] The Court takes judicial notice of the following United States District Court cases: Trujillo v. Sherman, Case No. 1:14-cv-01401-BAM (E.D. Cal) (dismissed on April 24, 2015, for failure to state a claim); Trujillo v. Ruiz, et al., Case No. 1:14-cv-00975-SAB (E.D. Cal.) (dismissed on January 6, 2016, for failure to state a claim); Trujillo v. Munoz, Case No 1:14-cv-00976-DLB (E.D. Cal.) (dismissed on May 11, 2016, for failure to state a claim); and Trujillo v. Munoz, Case No. 1:14-cv-01215-SAB (E.D. Cal.) (dismissed on May 17, 2016, for failure to state a claim).

exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. Plaintiff alleges that on September 17, 2015, he was assaulted by prison officials Jones and Cranmer. Plaintiff claims that the assault was in retaliation for filing numerous 602 grievances. Plaintiff alleges that all of the Facility B yard staff were making verbal threats toward Plaintiff that they wanted him assaulted on a daily basis, months before the first and second incident occurred. The Court screened Plaintiff's Complaint on January 12, 2017. (ECF No. 15). The Court found that Plaintiff failed to state a claim against Defendant Escobar and dismissed the Complaint with leave to amend. (Id.). Accordingly, there is no complaint presently before this Court. Additionally, Plaintiff does not allege imminent danger, and does not allege specific facts that, if true, would show ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

The Court notes that Plaintiff filed this case using the name Guillermo Trujillo Cruz, instead of Guillermo Cruz Trujillo (the name Plaintiff used in the prior four cases, which were dismissed for failure to state a claim). The Court does not know which is accurate. However, the fact that Plaintiff filed this case using the last name Cruz, after having accrued three strikes using the last name Trujillo, has been noticed and is quite troubling.

## IV.    CONCLUSION AND RECOMMENDATIONS

The Court finds that under 28 U.S.C. § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action, and must submit the appropriate filing fee in order to proceed with this action. Accordingly, Plaintiff's *in forma pauperis* status (ECF No. 12) will be revoked, and Plaintiff will be required to pay the $400.00 filing fee in full to proceed with this action. Failure to follow the directives in this order will result in dismissal of the case.

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's *in forma pauperis* status (ECF No. 12) is REVOKED;

2. Plaintiff shall pay the $400.00 filing fee in full within 30 days of the date of service of this order in order to proceed with this action; and

3. Failure to pay the filing fee within 30 days of the date of service of this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated: **January 24, 2017**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE